W. T. WAGGONER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ELLA WAGGONER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 33516, 33517. Promulgated November 5, 1931.

**658**

*Walter E. Barton, Esq., Raymond C. Cushwa, Esq.,* and *W. L. Clark, C. P. A.,* for the petitioners.

*C. R. Marshall, Esq.,* for the respondent.

OPINION.

SMITH: The petitioners are husband and wife, residents of the State of Texas. The appeals, involving identical issues, were consolidated for hearing. The petitioners filed separate income-tax returns on the community property basis for 1922. The respondent has determined a deficiency against each for that year in the amount of $67,959.67.

The only question for our determination is whether the oil and gas leases executed by the petitioners in 1922 operated as a conveyance to the lessees of a seven-eighths portion of the oil and gas in place so that the cash consideration received by the petitioners from the lessees in that year is taxable as capital gains under the provisions of section 206 of the Revenue Act of 1921.

Prior to 1920 the petitioners acquired with community funds the fee simple title to certain real estate situate in Wichita and Wilbarger Counties, in the State of Texas. The properties were acquired and held for investment by the petitioners for a period of more than two years prior to 1922.

During 1922, the petitioners executed approximately 50 oil and gas leases on the real estate referred to. All of the leases were similar in form and were the ordinary type of oil and gas lease. The following are the material provisions of one of such leases:

That for and in consideration of the sum of One Dollar, cash in hand paid the receipt of which is hereby acknowledged, and the further consideration of the sum of $2500.00, to be paid in oil produced from said premises,. said payment to be made not later than the tenth day of each month, for the preceding month, and not less than one fourth of the oil so produced to be applied to this indebtedness, and the covenants and agreements hereinafter set out to be kept and performed by the lessee, have granted, demised, leased and let and by these presents does demise, lease and let unto the lessee, for the sole and only purpose of drilling and mining for gas and oil, the following lands, in Wichita & Wilbarger County, Texas, to-wit:

\*    \*    \*    \*    \*    \*    \*

Subject to the terms and conditions herein this lease shall remain in full force and effect for a term of three years from date hereof, and as much longer as gas and oil are found and produced in paying quantities, provided however no one well shall hold more than ten acres, in a square form, said well being the center thereof.

In consideration of the premises, the lessee covenants and agrees:

To deliver to the lessor, free of charge, in the pipe line to which said lease may be connected, the equal one-eighth (⅛) part of all the oil and gas produced on said premises, settlement to be made not later than the tenth day of each month for the preceding month.

That the lessee will pay ⅞ of all increase in taxes, by virtue of gas and oil, or either, that may be assessed against said premises.

During 1922, the petitioners received $281,710 representing the consideration of "One Dollar, cash in hand paid" stipulated in the leases and a further amount of $19,151.06 representing "further considerations" which was paid out of the lessees' seven-eighths of the oil and gas produced. No part of the total consideration of $300,861.06 received by the petitioners in 1922 was paid from the one-eighth of the oil and gas, which under the terms of the leases was to be delivered to the petitioners.

We have considered this question in similar form in numerous prior cases and have consistently held that, with reference to the applicable provisions of the Federal income-tax laws, leases such as the ones here under consideration are to be treated as ordinary oil and gas leases and not as sales of capital assets, notwithstanding that the leases may be recognized as conveyances or sales under the laws of the state having jurisdiction of the property. *Nelson Land & Oil Co.*, 3 B. T. A. 315; *Henry L. Berg*, 6 B. T. A. 1287; affd., *Berg* v. *Commissioner*, 33 Fed. (2d) 641; *John T. Burkett*, 7 B. T. A. 560; affd., *Burkett* v. *Commissioner*, 31 Fed. (2d) 667; *R. H. Hazlett*, 10 B. T. A. 332; *James R. Parkey*, 16 B. T. A. 441; *Henry Harmel*, 19 B. T. A. 376 (on appeal to the Circuit Court of Appeals, Fifth Circuit); *W. P. Ferguson*, 20 B. T. A. 130; reversed by the Circuit Court of Appeals, Fifth Circuit, in *Ferguson* v. *Commissioner*, 45 Fed. (2d) 573. See also *Hirschi* v. *United States*, 67 Ct. Cls. 637. An exhaustive discussion of the question may be found in the cases referred to above.

The instant proceedings are not distinguishable from *W. P. Ferguson, supra.* On appeal, the Circuit Court of Appeals for the Fifth Circuit, in *Ferguson* v. *Commissioner, supra,* reversed the Board, holding that the question as to what title or interest passed under the leases must be determined with reference to the laws of the State of Texas and that under the laws of that state the transfers amounted to sales and the vesting in the transferees of title to real property. The court further held that the proceeds of such sales are taxable as capital gains under the provisions of section 206 of the 1921 Act. Being of opinion that the decision of the Circuit Court is binding upon the Board in all cases falling within its jurisdiction we hold upon authority of *Ferguson* v. *Commissioner, supra,* that the cash consideration received by the petitioners in 1922 upon execution of the leases in question, amounting to $300,861.06, represents capital gains taxable to the petitioners under the provisions of section 206 of the Revenue Act of 1921.

*Judgment will be entered under Rule 50.*